PAYNE *v.* STATE.

In Banc. Dec. 13, 1948.

(37 So. (2d) 743)

456

R. C. Russell, for appellant.

460

**Geo. H. Ethridge,** Assistant Attorney General for appellee.

**McGehee, J.**

The appellant, Hilburn Payne, and Joe Daniel Barber, Douglas Budges and Lige Loften were indicted for the theft of two cows of the value of $50 each, and allegedly the personal property of Jean Carter. The said Douglas and Loften each entered a plea of guilty to the charge, but Budges was later permitted to withdraw such plea and was then tried and convicted of the said charge of grand larceny. Loften asked leave to withdraw his plea of guilty but this request was denied. They were both sentenced to the penitentiary for the stealing, and they testified as witnesses for the State against the appellant Hilburn Payne. It is said that the other defendant, Barber, was eluding the vigilance of the arresting officers and had not been taken into custody at the time of the appellant's trial.

The appellant was convicted primarily on the testimony of the two accomplices, Budges and Loften, and that of one W. L. Fairly, the latter being introduced by the State in rebuttal to testify that the said defendant approached him on Saturday night before the trial and requested that the witness testify that the defendant carried him to Mt. Olive on the night the cattle were stolen, the idea being that this testimony, if given, would have supported the defendant's defense of an alibi. The proper predicate had been laid when the defendant was on the stand as a witness in his own behalf as to whether or not he had thus approached the witness and made such a request, and he denied having done so. Therefore, this testimony was competent, not as being in the nature of a confession of guilt by the defendant and hence constituting proper evidence in chief for the State but as an alleged attempt to induce

the witness to testify falsely in support of the defendant's alibi.

However, after the witness Fairley had testified, the defendant offered to prove by himself and his attorney that on the contrary the witness Fairly had approached them and offered that if the defendant would give him $5 or $6 he would come to the trial and "swear him out." The court declined to permit this proof in surrebuttal, stating that the predicate had been laid while the defendant was on the stand for the proof in rebuttal to the effect that the defendant had requested the witness to swear that the defendant carried him to Mt. Olive on the occasion in question, and that this closed the matter. But, we are of the opinion that it was error not to permit the defendant and his attorney to testify as to the offer of the witness to "swear him (the defendant) out" if they would pay him to do so. The testimony of the witness Fairley was calculated to be very prejudicial to the defendant, and he was entitled to make this additional proof, and to thus further impeach the credibility of said witness, especially in view of the fact that the prosecution was otherwise based entirely on the testimony of the two accomplices as to the guilt of the defendant, and his defense of an alibi was strongly supported by the evidence on his behalf.

Then, too, the defendant had testified that these accomplices had told him while they were in jail about who were present when the cattle were stolen and to whom they were sold, and that unless he got his father to get them a lawyer and make bond for them they were going to also put it on him.

The owner of the cows did not testify at the tral. Their ownership was shown by circumstamtial and hearsay evidence, and under all of the facts and circumstances, the Court is of the opinion that the cause should be reversed and remanded for a new trial.

The other errors assigned as to the failure to grant a continuance, and in regard to the insufficiency of the instruction as to ownership of the property are taken care of by a reversal of the case.

Reversed and remanded.